From a consideration of all the parts of this will, it appears satisfactorily to my mind, that the testator did not intend that Nell should become the property of his married daughters, until after the happening of two events, to-wit, the death of his wife, and the arrival of his son Thomas to the age of sixteen years. (550) His wife was to be supported out of the plantation, as long as she lived or remained a widow, and Nell was to assist in procuring that support. If his wife married again, Nell was still to continue on the plantation, to work for the children who should live there; and this would be necessary, at least until Thomas arrived at sixteen, when the testator calculated he might be better able to take care of himself. He could not intend, that the wife, remaining single, should be deprived of such assistance as Nell might afford her, as soon as Thomas reached sixteen; nor that Thomas and the others living on the plantation should lose the services of Nell in the event of the death of their mother before that period. She might have died immediately after the death of the testator, when Thomas was of very tender years. The different parts of the will are to be reconciled, and the manifest intent of the testator effectuated, and by reading the *Page 342 
word "or" conjunctively, as if "and" had been written which it is allowable to do, according to the cases collected in 2 New Rep., 38. I am of opinion the petition should be dismissed.
HENDERSON, Judge, concurred.
Cited: S. c. 18 N.C. 448. (551)